UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILIP CARROLL, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 06-5515 (NLH) |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF MOUNT LAUREL, | : | **MEMORANDUM OPINION** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**
PHILIP CARROLL
129 AIRDALE ROAD
ROSEMONT, PA 19010
*Pro Se Plaintiff*

CHRISTOPHER NORMAN
LAW OFFICES OF CHRISTOPHER NORMAN
JACKSON COMMONS SUITE A-2
30 JACKSON ROAD
MEDFORD, NJ 08055
*Attorney for Defendant*

**HILLMAN, District Judge**

Plaintiff having filed a motion to reopen his case and a motion for relief from a judgment or order pursuant to Fed.R.Civ.P. 60(b)(6) regarding this Court's Order granting summary judgment in favor of defendant, and it appearing that:

1. On November 16, 2006, pro se plaintiff, Philip Carroll, filed a complaint against defendant Township of Mount Laurel (the "Township") pursuant to 42 U.S.C. § 1983 for violation of his rights under the 5th Amendment's "Takings Clause."

2. On June 20, 2008, this Court granted the Township's

motion for summary judgment and dismissed plaintiff's complaint on the ground that plaintiff's claim was not "ripe" and, therefore, not justiciable. See Carroll v. Twp. of Mt. Laurel, No. 06-5515, 2008 U.S. Dist. LEXIS 47777 (D.N.J. June 20, 2008).[1]

3. Plaintiff appealed this Court's decision which decision was affirmed by the Third Circuit. See Carroll v. Township of Mount Laurel, 315 Fed.Appx. 402, 405 (3d Cir. 2009).

4. Following which, on February 3, 2010, plaintiff filed an "inverse condemnation" complaint against the Township in the Superior Court of New Jersey, Law Division, raising the same claim litigated in the Federal Courts.

5. On May 28, 2010, the Law Division granted the Township's motion to dismiss on grounds that plaintiff's claims had been fully adjudicated on the merits in the Federal Courts.

6. Plaintiff then appealed to the Appellate Division of the Superior Court of New Jersey which affirmed the decision of the lower state court. The New Jersey Supreme Court denied plaintiff's petition for

---

[1] The Court provided a detailed history of the underlying facts in its previous opinion and, therefore, will not repeat them here.

>   certification.
>
> 7.  Plaintiff now returns to this Court and files a motion to reopen his case, and a motion for relief from a judgment or order pursuant to Fed.R.Civ.P. 60(b)(6).
>
> 8.  Plaintiff essentially argues in his motion to reopen that since his claim was found "not ripe" for adjudication, that it was not decided on the merits, and his complaint was not dismissed.
>
> 9.  While a dismissal of claim as "not ripe" is not a decision on the merits of the claim, see Rosendale v. Brusie, 374 Fed.Appx. 195, 197 (2nd Cir 2010), plaintiff's complaint was dismissed[2] because he did not provide any facts that could show the Township moved beyond an "intention" expressed in its resolution.
>
> 10. As this Court explained in detail in its previous opinion, the resolution passed by the Township merely stated an "intention" to protect the area which contains plaintiff's land from commercial and non-residential development; and that plaintiff did not proffer facts that if proven could show that the Township reached a final decision regarding the zoning or land use for plaintiff's property.  Carroll, 2008

---

[2]   To clarify, plaintiff's complaint was dismissed without prejudice.

      U.S. Dist. LEXIS 47777, at *13, 19. Thus, there was no "finality" as to the effect of the resolution on the property. <u>Id.</u>

11. This Court specifically outlined for plaintiff why his claim was not ripe: "He has not addressed the [State of New Jersey, Department of Environmental Protection's] concerns regarding the wetlands; he has not obtained [a "Letter of Interpretation" ("LOI")] or sought any administrative remedy for not obtaining the LOI; he has not sought to sell his property to another buyer; he has not shown that the property is no longer zoned for the use originally zoned (and if appropriate, that he could not obtain variances); he has not shown that he cannot sell his property, or must sell it at a reduced value because of the issuance of the resolution." <u>Id.</u> at *18-19.

12. The Third Circuit also instructed that plaintiff did not bring alternative claims such as a facial challenge to the resolution, or that the resolution lacked a public purpose. <u>Carroll</u>, 315 Fed.Appx. at 405 n.4 (citing <u>County Concrete Corp. v. Town of Roxbury</u>, 442 F.3d 159, 165 (3d Cir. 2006), <u>Carole Media LLC v. New Jersey Transit Corp.</u>, 550 F.3d 302, 308 (3d Cir. 2008)).

4

13. The New Jersey Superior Court also advised that plaintiff was not "precluded from challenging municipal action if there is a change of circumstances that actually affects the use of [his] property."

14. Despite the instructive commentary from the Courts, plaintiff has not alleged any new facts or claims in his motion to reopen. Rather, he wishes to reopen his case in order to relitigate the same claim. Assuming the underlying facts have not changed, however, plaintiff's claim remains unripe.

15. Plaintiff also argues that he may relitigate his claims pursuant to England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461 (1964).

16. The England case is not applicable here. England involved invocation of the abstention doctrine and a *stay* of Federal proceedings in order to allow the litigants to file their claims in state court concerning a state law claim. Here, no stay was imposed, and plaintiff raised a Federal constitutional claim. Summary judgment was granted and plaintiff's complaint was dismissed.

17. Plaintiff also filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). Plaintiff's motion will be denied.

18. Pursuant to Rule 60(c), "a motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of proceeding."

19. Plaintiff filed his motion pursuant to Rule 60(b)(6) which permits a court to relieve a party from final judgment or order for "any other reason that justifies relief."  See Fed.R.Civ.P. 60(b)(6).

20. "[R]elief under Rule 60(b)(6) is extraordinary because it can be given for 'any other reason justifying relief' and is not subject to an explicit time limit." In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Product Liability, 383 Fed.Appx. 242, 246 (3d Cir. 2010) (citing Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002)). "Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6)." Id.; Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (finding relief from judgment under Rule 60(b)(6) is only granted in extraordinary circumstances and is available where the party seeking relief demonstrates that "extreme" and "unexpected" hardship will result absent such relief).

21. Plaintiff argues that since the Court's Opinion in a

      footnote did not properly state that his land was within the "Business Overlay Zone," which permits 27 categories of uses, that he is entitled to relief.

22. As stated in the Court's previous Opinion, "we do not need to reach the issue of what uses may be have been permitted because plaintiff has not shown that the resolution has the legal effect of restricting the use of the property." Carroll, 2008 U.S. Dist. LEXIS 47777, at *12-13 n.5.  Thus, whether or not plaintiff's land is within the Business Overlay Zone is not controlling at this time because plaintiff has not provided any facts that could show that the resolution prohibiting the uses was legally binding.

23. Plaintiff also argues that this Court should reconsider its Order based on a "precedential" order entered by another judge in this District.

24. Contrary to plaintiff's assertion, the order entered by another judge in this District in the matter of DiCristo v. Township of Mount Laurel, No. 02-3868 ("DiCristo order") has no precedential effect on this Court.  First, it was an order, not an opinion.  Second, only opinions issued by the U.S. Supreme Court or Third Circuit or have precedential effect in this District.  See U.S. v. Harris, 471 F.3d 507, 512 (3d

        Cir. 2006) (finding no error where neither Supreme Court ruled, nor Third Circuit issued precedential opinion).

25. Furthermore, the DiCristo order found that the resolution passed did have binding legal effect in that it reversed the Zoning Board's grant of a variance. Here, the Court issued a lengthy opinion discussing the legal effect of passing a resolution and took notice of the particular language of the resolution which only stated the Township's intent. <u>Carroll</u>, 2008 U.S. Dist. LEXIS 47777, at *13-20.

26. Thus, neither reason presented by plaintiff presents grounds to offer relief.  Further, plaintiff has not presented  "extraordinary circumstances" showing that he is entitled to relief or that "extreme" and "unexpected" hardship will result absent such relief as required under Rule 60(b)(6).

Therefore, plaintiff's motion to reopen case, and motion for relief from judgment or order pursuant to Fed.R.Civ.P. 60(b) will be denied.

|  |  |
|---|---|
|  |  s/Noel L. Hillman  |
| At Camden, New Jersey | NOEL L. HILLMAN, U.S.D.J. |