UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PHILIP CARROLL,
        Plaintiff,

   v.

TOWNSHIP OF MOUNT LAUREL,
        Defendant.

Civil Action No.
06-5515 (NLH)

**MEMORANDUM OPINION**

**APPEARANCES:**
PHILIP CARROLL
129 AIRDALE ROAD
ROSEMONT, PA 19010
*Pro Se Plaintiff*

CHRISTOPHER NORMAN
LAW OFFICES OF CHRISTOPHER NORMAN
JACKSON COMMONS SUITE A-2
30 JACKSON ROAD
MEDFORD, NJ 08055
*Attorney for Defendant*

**HILLMAN, District Judge**

IT APPEARING THAT:

1. On August 18, 2011, plaintiff filed a motion to reopen his case, and on January 18, 2012, filed a motion for reconsideration of the Court's Order granting summary judgment in favor of defendant;

2. On February 17, 2012, plaintiff filed a "request for default" pursuant to Fed.R.Civ.P. 55(a) requesting that the Clerk of Court enter default in his favor solely on grounds that defendant failed to respond to his motion for reconsideration;

3. On the same day, February 17, 2012, the Clerk of Court entered on the docket the following notice: "CLERK'S QUALITY CONTROL MESSAGE - Please be advised that the Request for Default submitted by Philip Carroll on 2/17/12 cannot be granted as requested because the Case is Closed. This submission will remain on the docket unless otherwise ordered by the Court. This message is for informational purposes only. (th) (Entered: 02/17/2012);"

4. Not only was the case closed, but the request for entry of default was not procedurally correct because default under Rule 55(a) is warranted only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise;" see Fed.R.Civ.P. 55(a);

5. Here, defendant properly answered and defended this action, and summary judgment was granted in its favor. See Carroll v. Twp. of Mt. Laurel, No. 06-5515, 2008 U.S. Dist. LEXIS 47777 (D.N.J. June 20, 2008);

6. On March 1, 2012, and again on March 12, 2012, plaintiff again requested that the Clerk enter default pursuant to Fed.R.Civ.P. 55(b)(1)[1] alleging that his claim was for a

---

[1] Plaintiff cited to Rule 55(b)(1) which states: "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted

    "sum certain";

7.    On March 16, 2012, this Court entered an Order denying plaintiff's motion to reopen and motion for reconsideration;

8.    On April 4, 2012, plaintiff filed a writ of mandamus asking the United States Court of Appeals for the Third Circuit to compel the District Court to adjudicate his request for a default judgment;

9.    On May 5, 2012, the Third Circuit entered an Opinion denying the petition for writ of mandamus.  The Third Circuit also referred to plaintiff's request for default as a "motion" for default judgment and commented that "the District Court will rule on Carroll's motion in a timely manner";

10.    Because there are no motions pending on the District Court docket, the Court will direct the Clerk of Court to file the request for default judgment as a motion for default judgment pursuant to Rule 55(b)(2);[2]

---

for not appearing and who is neither a minor nor an incompetent person."

[2]    Pursuant to Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  <u>See</u> Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either: (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) by applying to the Court.  <u>See</u> Fed. R. Civ. P. 55(b).  Here, plaintiff followed the requirements pursuant to Fed.R.Civ.P 55, and the Clerk properly denied that request in light of the Order of this Court closing the case.  As explained above, Rule 55 does not apply to unopposed motions for reconsideration of summary

11. Plaintiff's motion for default judgment will be denied because default is entered under Rule 55 where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" and, in this matter, defendant has properly answered and defended this action and, because summary judgment has been granted in defendant's favor.

Therefore, plaintiff's motion for default judgment will be denied.

                                             s/Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated:   June 8, 2012

---

judgment.  However, out of an exercise of caution and in order to follow the mandate of the Court of Appeals in this matter, the Court, in its discretion and exercising its supervisory powers will construe plaintiff's prior request to the Clerk as a motion for default judgment.